IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| v. | § § | CIVIL ACTION NO. 4:13-CR-00269-MAC-CAN(9) |
| EILEEN BETH PRUITT, | § § § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is Defendant Eileen Beth Pruitt's Request for Certificate of Appealibility [sic] [Dkt. 341], filed on September 29, 2017. On October 10, 2017, United States District Judge Marcia Crone referred Pruitt's Request for Certificate of Appealibility [sic] [Dkt. 341] to the undersigned United States Magistrate Judge for consideration and a determination or recommended disposition [Dkt. 342]. Subsequent to such referral, on October 17, 2017, Pruitt filed under the aforementioned criminal cause a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Dkt. 343]. The Court thereafter opened a corresponding civil action [*Pruitt v. United States*, 4:17-cv-744-MAC-CAN, Dkt. 3], docketed Pruitt's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody under the civil cause number; and, then on October 20, 2017, advised Pruitt that her filing would be considered, as filed, a § 2255 motion. A certificate of appealability ("COA") enables the Fifth Circuit to "consider an appeal from the denial of a 28 U.S.C. § 2255 motion for relief." *United States v. Fields*, 761 F.3d 443, 451 (5th Cir. 2014) (citing *United States v. Hall,* 455 F.3d 508, 513 (5th Cir. 2006); 28 U.S.C. § 2253(c)(1)(B)); *United States v. Bourgeois,* 537 F.App'x 604, 610–11 (5th Cir. 2013)). Because a certificate of

appealability is utilized only to permit the appeal of habeas actions, Pruitt cannot file a COA in her underlying criminal case.[1]  Accordingly,

      The Court recommends that Defendant Eileen Beth Pruitt's Request for Certificate of Appealibility [sic] [Dkt. 341] be **DENIED**.

      Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge.  28 U.S.C. § 636(b)(1)(C).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

      Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

      **SIGNED this 27th day of October, 2017.**

      _____
      Christine A. Nowak
      UNITED STATES MAGISTRATE JUDGE

---

[1] Assuming *arguendo* that Pruitt was entitled to such relief, because the district court has not yet ruled on Pruitt's Motion to Vacate, her Request for a Certificate of Appealibility [sic] [Dkt. 341] is premature.

REPORT AND RECOMMENDATION − Page 2